UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ | |
| In re: ) | |
| ) | |
| UNITED STATES and STATE OF NEW YORK ) | |
| ex rel. XIOMARY ORTIZ and JOSEPH ) | |
| GASTON, *plaintiffs,* v. MOUNT SINAI ) | Case:  16mc____ |
| HOSPITAL, MOUNT SINAI SCHOOL OF ) | |
| MEDICINE, AND MOUNT SINAI ) | |
| RADIOLOGY ASSOCIATES *Defendants* ) | |
| (S.D.N.Y. no. 13 CV 4735-RMB-BCM ) | |
| _____ ) | |

Plaintiffs' address:
2400 Davidson Ave., Apt. A17
Bronx, New York 10468

Defendants' address:
One Gustave L. Levy Place
New York, NewYork 10029-6574

WU, GROHOVSKY & WHIPPLE PLC
1300 Pennsylvania Ave., N.W., Suite 700
Washington, D.C.  20004
(202) 204-3053
*Attorneys for plaintiffs Ortiz and Gaston*

McINNIS LAW
521 Fifth Ave., 17th Floor
New York, N.Y. 10175
(212) 292-4583
*Attorneys for plaintiffs Ortiz and Gaston
in the New York Action (not admitted in D.C.)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
In re:                                                    )
                                                          )
UNITED STATES and STATE OF NEW YORK       )
ex rel. XIOMARY ORTIZ and JOSEPH          )
GASTON, *plaintiffs,* v. MOUNT SINAI      )          Case:  16ms_____
HOSPITAL, MOUNT SINAI SCHOOL OF           )
MEDICINE, AND MOUNT SINAI                 )
RADIOLOGY ASSOCIATES *Defendants*         )
(S.D.N.Y. no. 13 CV 4735-RMB-BCM          )
_____   )

**RELATORS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS
OR ALTERNATIVELY. TO TRANSFER THE MOTION TO THE ISSUING COURT**

Plaintiffs Xiomary Ortiz and Joseph Gaston ("Plaintiffs"), by counsel, move the Court to

(i) enter the attached proposed order, pursuant to Fed. R. Civ. P. 45(a)(1)(A) and 37(a)(2),

compelling the United States Department of Health and Human Services, Centers for Medicare

and Medicaid Services ("CMS"), to disclose to the Plaintiffs the records requested in the

attached subpoenas addressed to CMS dated February 23, 2016 (ex. A and B attached), issued in

the U.S. District Court for the Southern District of New York (the "issuing court") in *United*

*States, et al. ex rel. Ortiz, et al. v. Mount Sinai Hospital, et al.*, docket no. 13 CV 4735 (RMB)

(BCM) (the "New York action"), or alternatively, (ii) to enter the attached proposed order,

pursuant to Fed. R. Civ. P. 45(f), transferring this motion to the issuing court.

Respectfully submitted,
WU, GROHOVSKY & WHIPPLE PLC
/s/ Julie Grohovsky

Julie Grohovsky, #412566
1300 Pennsylvania Ave., N.W., Suite 700
Washington, D.C.  20004
(202) 204-3053
Email:  jgrohovsky@dcwhitecollar.com
*Attorneys for plaintiffs Ortiz and Gaston*

Timothy J. McInnis
Richard F. Bernstein
McINNIS LAW
521 Fifth Ave., 17th Floor
New York, N.Y. 10175
(212) 292-4583
Email: tmcinnis@mcinnis-law.com
rbernstein@mcinnis-law.com
*Attorneys for plaintiffs Ortiz and Gaston in*
*the New York Action (not admitted in D.C.)*

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

UNITED STATES and STATE OF NEW YORK ex rel.
XIOMARY ORTIZ and JOSEPH GASTON,

*Plaintiffs*

v.

MOUNT SINAI HOSPITAL, MOUNT SINAI SCHOOL OF MEDICINE,
and MOUNT SINAI RADIOLOGY ASSOCIATES,

*Defendants*

)
)
)
)
)
)
)

Civil Action No. 13 CV 4735 (RMB (BCM)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  United States Department of Health and Human Services, Centers for Medicare and Medicaid Services
200 Independence Ave., SW, Rm 713-F, Washington, DC 20201

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A.

| Place: Wu Grohovsky & Whipple PLC<br>1300 Pennsylvania Ave., NW, Suite 700<br>Washington DC 20004 | Date and Time:<br>March 4, 2016      10:00 A,M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 23, 2016

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ortiz et al.
_____ , who issues or requests this subpoena, are:

Richard F. Bernstein, McInnis Law, 521 Fifth Ave. 17th Fl., NY NY 10175, rbernstein@mcinnis-law.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Schedule A

All documents concerning Medicare claims, claims information, claims reimbursements and claims denials for radiology services, including, but not limited to, claims data, claims forms, claims reimbursement requests, claims denial notices, correspondence and payment data for claims submitted to Medicare by or on behalf of the following providers and their affiliates:

a. Mount Sinai Hospital, Icahn School of Medicine at Mount Sinai, Mount Sinai School of Medicine, Faculty Practice Associates Department of Radiology,  Mount Sinai Radiology Associates, Radiology Department of Mount Sinai, Faculty Practice Associates Mount Sinai School of Medicine and FPA Hospital Based (collectively, Mt. Sinai); and

b, all individual healthcare providers who rendered or billed for radiology services performed at Mt. Sinai's business practice location.

*Instructions concerning the production of electronically stored information and data.* Include the following information with the production::

a.      All extractable fields of information for each Medicare claim; and

b.      An index for the data fields sufficient to decipher the codes used in each field.

*Medicare claims Defined.* "Medicare claims" means and includes healthcare provider requests for reimbursement from the Medicare Program for both the professional and technical billing components for radiology services.

*Applicable Timeframe for Medicare Claims and Claims Information:* The applicable timeframe for the Medicare claims information requested is from January 1, 2006 to December 31, 2011, inclusive.

*Applicable Business Practice Location: The applicable business practice location for the Medicare claims information requested is 1176 Fifth Avenue, New York, NY 10029.*

*Protected Health information Assurances:* Information, documents, or electronically stored information produced by CMS will be treated as Protected Health Information under the Health Insurance Portability and Accountability Act of 1996 and regulations.

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| UNITED STATES and STATE OF NEW YORK ex rel. XIOMARY ORTIZ and JOSEPH GASTON,<br><br>_____<br>*Plaintiffs*<br>v.<br>MOUNT SINAI HOSPITAL, MOUNT SINAI SCHOOL OF MEDICINE, and MOUNT SINAI RADIOLOGY ASSOCIATES,<br>_____<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 13 CV 4735 (RMB (BCM) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    United States Department of Health and Human Services, Centers for Medicare and Medicaid Services
      200 Independence Ave., SW, Rm 713-F, Washington, DC 20201
_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All Part B claims, payments and denials data and information for the group biller with NPI # 1780787796
     (Medicare billing # W05662) and Medicaid provider identificaion # 03226024) and for the individual billing
     providers listed on the attached Ex. A, all for the period 1/1/2007 thorugh 2/1/1022, inclusive.

| Place: Wu Grohovsky & Whipple PLC<br>       1300 Pennsylvania Ave., NW, Suite 700<br>       Washington DC 20004 | Date and Time:<br>March 4, 2016    10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   February 23, 2016
      _____

           *CLERK OF COURT*

                                     OR

    _____         _____
       *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Ortiz et al.
_____ , who issues or requests this subpoena, are:

Richard F. Bernstein, McInnis Law, 521 Fifth Ave. 17th Fl., NY NY 10175, rbernstein@mcinnis-law.com

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

| PHYSICIAN NAME | MEDICAID NO. | MEDICARE NO. | NPI |
|---|---|---|---|
| ARGIRIADI, Pamela A. | 03190847 | 4ECE305662 | 1699945014 |
| BEITIA, Laura G. | 02246519 | 564T405662 | 1841290905 |
| CHAM, Matthew D. | 02737539 | A400033328 | 1275547648 |
| CHATTERJI, Manjil | 03226524 | A400033330 | 1104872696 |
| COHEN, Emil | Record not located | 723T905662 | 1952303356 |
| COLL, Deirdre | 01976705 | 6206505662 | 1669461273 |
| DELMAN, Bradley N. | 01977499 | 6206505662 | 1306846738 |
| DESAI, Kapil | 03039205 | A400015837 | 1528262219 |
| DOSHI, Amish | 03078122 | A400009059 | 1255592861 |
| DRAYER, Burton P. | 01642213 | 6026905662 | 1972592590 |
| EBER, Corey D. | 01263345 | A400009056 | 1821126590 |
| ELLOZY, Sherif | 02431354 | 1567N10 | 1689640476 |
| FARMAN, Jack | 00589340 | 5136305662 | 1942200373 |
| FISCHMAN, Aaron M. | 03210184 | A400032546 | 1699934844 |
| GARCIA, Mario | 02421281 | 0250X05662; 0250X06481 | 1669567210 |
| GLASS, Ronald | 01213625 | A400015953 | 1447250899 |
| GOTTSMAN, Robin | 01086626 | 41X8105662 | 1730363805 |
| HALTON, Kathleen P. | 01032122 | 03E3705662 | 1851380711 |
| HAN, Bokyung | 02472035 | 657T105662 | 1538252762 |
| HENSCHKE, Claudia I. | 00852364 | A400038850 | 1932203049 |
| HERMANN, George | 00390616 | 3270905662 | 1437138062 |
| KAMATH, Amita | 03219261 | A400032254 | 1558488387 |
| KELLER, Rhona | 00390625 | 5056005662 | 1508866955 |
| KHANNA, Arati | 02918578 | 47C0105662 | 1295782506 |
| KIM, Edward | 02975235 | 4ECE405662 | 1851565543 |
| KWAI, Andrew H. | 02353079 | 6378005662 | 1780673483 |
| LAW, Eu-Meng | 02866122 | 630S505662 | 1952366833 |
| LEE, Karen M. | 02769491 | 917S505662 | 1518983378 |
| LEEDS, Norman | 00102112 | 5083505662 | 1750381117 |
| LEFKOVITZ, Zvi | 01446573; 01446579 | 75H0105662 | 1538265392 |
| LERNER, David L. | 01863029 | 6136505662 | 1568462802 |
| LIAO, Steve L. | 03308481 | A400027913 | 1912178021 |
| LOOKSTEIN, Robert A. | 02218591 | 6949405662 | 1164422531 |
| MARGOLIES, Laurie | 02915020 | 5CDC505662 | 1770578379 |

## EXHIBIT A

| PHYSICIAN NAME | MEDICAID NO. | MEDICARE NO. | NPI |
|---|---|---|---|
| MASSEAUX, Joy | 02758845 | 9175805662 | 1699880682 |
| MENDELSON, David S. | 00731017 | 52A0905662 | 1902895808 |
| MITTY, Harold A. | 00390161 | 4391505662 | 1265423446 |
| NAIDICH, Thomas P. | 01897103 | 6168205662 | 1073513354 |
| NIELSEN, James | 02378247 | A400002715 | 1669432266 |
| NOWAKOWSKI, Francis S. | 02134485 | 430T505662 | 1245230531 |
| PATEL, Neesha S. | 03190865 | A400033364 | 1134389620 |
| PAWHA, Puneet | 03190883 | A400006674; A400030284 | 1023048253 |
| RABINOWITZ, Jack G. | 00390652 | 3467205662 | 1922097245 |
| RAUSCH, Dana R. | 02409272 | 6647205662 | 1578563870 |
| ROSEN, Ally | 02811109 | 76R5605662 | 1376567230 |
| ROSENBERG, Henrietta K. | 02375708 | 606T905662 | 1306835897 |
| SACHER, Michael | 00507433 | 6573005662 | 1609876911 |
| SHAPIRO, Robert S. | 01205563 | 63F4905662 | 1215926779 |
| SIMPSON, William L. | 02061732 | 9719505662 | 1285634451 |
| SOM, Peter M. | 00390432 | 6808705662 | 1487654703 |
| STANGL, Paul A. | 02667105 | 768T405662 | 1114916921 |
| STERN, Richard H. | 01755917 | 6096505662 | 1053304980 |
| STOLLMAN, Aryeh L. | 00961495 | 73D5905662 | 1851384820 |
| SWYER, Alfred J. | 00344014 | 8246505662 | 1033108634 |
| SZABO, Janet | 02915039 | 5ECE905662 | 1750483335 |
| TANENBAUM, Lawrence | 01245752 | 67T6105662 | 1851371272 |
| TAOULI, Bachir | 02492097 | A400015951 | 1972569705 |
| TONG, Carrie L. | 02873316 | A400035120 | 1033238670 |
| TURETZ, Franklin S. | 00306152 | 9513305662 | 1740273721 |
| VATTI, Sridhar | 02526956 | 677S705662 | 1982604112 |
| WEINSTEIN, Zelig | Record not located | Record not located | Record not located |
| WEINTRAUB, Joshua L. | 02040742 | 6973905662 | 1871699637 |
| WILCK, Eric J. | 01213047 | 67F0005662 | 1386632230 |
| YANKELEVITZ, David F. | 00936769 | A400031717 | 1689688764 |
| YEH, Hsu-Chong | 00490148 | 2862605662 | 1093790420 |

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

Julie Grohovsky, one of the attorneys for the Plaintiffs in this action, hereby affirms

pursuant to 28 U.S.C. § 1746:

I have today served the foregoing motion and accompanying Statement of Facts and

Memorandum in support of the motion on the following by causing copies therof to be sent to

the following addressees by the means indicated:

Dated:  February 26, 2016

Julie Grohovsky

## **Via Certified Mail Return Receipt Requested**

United States Department of HHS
CMS, by the General Counsel
200 Independence Ave., S.W., Room 713-F
Washington, D.C. 20201

Civil Process Clerk
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street
New York, NY 10007

Civil Process Clerk
United States Attorney's Office, District of
Columbia
555 4th Street, NW
Washington, DC 20530

Attorney General Loretta Lynch
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530-0001

## **Via email:**

David R. Weiner, Esq.
Office of the General Counsel
United States Department of Health and
Human Services
26 Federal Plaza, Room 3908
New York, New York 10278
David.Weiner@HHS.gov

Wendy Helene Schwartz
Binder & Schwartz LLP
28 W. 44th Street Suite 700

New York, NY 10036
wschwartz@binderschwartz.com

Christopher.Connolly@usdoj.gov

Christopher Connolly, AUSA
United States Attorney's Office
86 Chambers Street
New York, NY 10007

Sally Blinken, AAG
Office of the New York Attorney General
120 Broadway
New York, NY 10271
Sally.Blinken@ag.ny.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| In re: ) | |
| ) | |
| UNITED STATES and STATE OF NEW YORK ) | |
| ex rel. XIOMARY ORTIZ and JOSEPH ) | |
| GASTON, *plaintiffs,* v. MOUNT SINAI ) | Case:  16ms_____ |
| HOSPITAL, MOUNT SINAI SCHOOL OF ) | |
| MEDICINE, AND MOUNT SINAI ) | |
| RADIOLOGY ASSOCIATES *Defendants* ) | |
| (S.D.N.Y. no. 13 CV 4735-RMB-BCM ) | |

_____

**ORDER COMPELLING THE UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES TO PRODUCE RECORDS**

The United States District Court for the District of Columbia, being apprised of the

issues in this suit and cognizant of the need for the production of discovery to be conducted in

the above-captioned case, ORDERS AND COMPELS the United States Department of Health

and Human Services, Centers for Medicare and Medicaid Services  ("CMS") to disclose to

Plaintiffs  Xiomary Ortiz and Joseph Gaston the records requested in the subpoenas dated

February 23, 2016 issued by the plaintiffs in *United States, et al. ex rel. Ortiz et al. v. Mount*

*Sinai Hospital, et al,.* docket no. 13 CV 4735 (RMB) (BCM), pending in the United States

District Court of the Southern District of New York (the "New York action"), including records

protected from disclosure by the Privacy Act, 5 U.S.C. § 552a et seq. and regulations.

Any and all documents and information which CMS discloses pursuant to this Order

shall be designated as "CONFIDENTIAL MATERIAL as that term is used in the Consent

Discovery Confidentiality Order entered in the New York Action on December 7, 2015 (ECF

no. 53).  Accordingly, any and all documents which CMS discloses shall be used solely for the

purpose of litigation in this case, shall not be shown or communicated in any way inconsistent

with the above-mentioned Consent Discovery Confidentiality Order, and shall be destroyed at

the conclusion of this litigation.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

To:

United States Department of Health and Human Services
Centers for Medicare and Medicaid Services, by the General Counsel
200 Independence Ave., S.W., Room 713-F
Washington, D.C. 20201

Wendy Helene Schwartz
Binder & Schwartz LLP
28 W. 44th Street Suite 700
New York, NY 10036
wschwartz@binderschwartz.com
*Attorneys for Defendants*

Julie Grohovsky
WU, GROHOVSKY & WHIPPLE PLC
1300 Pennsylvania Ave., N.W., Suite 700
Washington, D.C.  20004
jgrohovsky@dcwhitecollar.com
*Attorneys for plaintiffs Ortiz and Gaston*

Timothy J. McInnis
Richard F. Bernstein
McINNIS LAW
521 Fifth Ave., 17th Floor
New York, N.Y. 10175
(212) 292-4583
tmcinnis@mcinnis-law.com
rbernstein@mcinnis-law.com
*Attorneys for plaintiffs Ortiz and Gaston*
*In the New York Action*

cc to:

David R. Weiner, Esq.
Office of the General Counsel
United States Department of Health and Human Services
26 Federal Plaza, Room 3908
New York, New York 10278
David.Weiner@HHS.gov

Christopher Connolly, AUSA
United States Attorney's Office
86 Chambers Street
New York, NY 10007
Christopher.Connolly@usdoj.gov

Sally Blinken, AAG
Office of the New York Attorney General
120 Broadway
New York, NY 10271
Sally.Blinken@ag.ny.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

In re:                                              )
                                                    )
UNITED STATES and STATE OF NEW YORK                 )
ex rel. XIOMARY ORTIZ and JOSEPH                    )
GASTON, *plaintiffs,* v. MOUNT SINAI                )          Case:  16ms_____
HOSPITAL, MOUNT SINAI SCHOOL OF                     )
MEDICINE, AND MOUNT SINAI                           )
RADIOLOGY ASSOCIATES *Defendants*                   )
(S.D.N.Y. no. 13 CV 4735-RMB-BCM                    )
_____         )

**ORDER TRANSFERRING SUBPOENA-RELATED MOTION TO THE U.S. DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

The United States District Court for the District of Columbia, being apprised that (i)

subpoenas addressed to the United States Department of Health and Human Services, Centers

for Medicare and Medicaid Services ("CMS") dated February 23, 2016 have been issued from

the U.S. District Court for the Southern District of New York (the "issuing court") in *United*

*States, et al. ex rel. Ortiz, et al. v. Mount Sinai Hospital, et al.* (S.D.N.Y  docket no. 13 CV

4735 (RMB) (BCM) (the "New York action"), Magistrate Judge Barbara C. Moses presiding;

(ii) the Plaintiffs in the NewYork action have moved this Court to compel compliance with the

subpoenas (the "motion to compel"), or alternatively, to transfer the motion to compel to the

issuing court; (iii) objections by the Defendants to the subpoenas are pending before the issuing

court; and (iv) CMS consents, pursuant to Fed. R. Civ. P. 45(f), to transferring the motion to

compel to the issuing court,

ORDERS pursuant to Fed. R. Civ. P. 45(f) that the Relators' motion to compel shall be

and hereby is transferred to the U.S. District Court for the Southern District of New York.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

To:

United States Department of Health and Human Services
Centers for Medicare and Medicaid Services, by the General Counsel
200 Independence Ave., S.W., Room 713-F
Washington, D.C. 20201

Wendy Helene Schwartz
Binder & Schwartz LLP
28 W. 44th Street Suite 700
New York, NY 10036
wschwartz@binderschwartz.com
*Attorneys for Defendants*

Julie Grohovsky
WU, GROHOVSKY & WHIPPLE PLC
1300 Pennsylvania Ave., N.W., Suite 700
Washington, D.C.  20004
jgrohovsky@dcwhitecollar.com
*Attorneys for plaintiffs Ortiz and Gaston*

Timothy J. McInnis
Richard F. Bernstein
McINNIS LAW
521 Fifth Ave., 17th Floor
New York, N.Y. 10175
(212) 292-4583
tmcinnis@mcinnis-law.com
rbernstein@mcinnis-law.com
*Attorneys for plaintiffs Ortiz and Gaston*
*In the New York Action*

cc to:

David R. Weiner, Esq.
Office of the General Counsel
United States Department of Health and Human Services
26 Federal Plaza, Room 3908
New York, New York 10278
David.Weiner@HHS.gov

Christopher Connolly, AUSA
United States Attorney's Office
86 Chambers Street
New York, NY 10007
Christopher.Connolly@usdoj.gov

Sally Blinken, AAG
Office of the New York Attorney General
120 Broadway
New York, NY 10271
Sally.Blinken@ag.ny.gov